UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X
JOSE R. ALMONTE

                                        Plaintiff,            COMPLAINT AND JURY
                                                                DEMAND

                -against-

CAESARS ENTERTAINMENT CORPORATION; CAESARS
LICENSE CO., LLC; CAESARS OPERATING CO., LLC; THE
CITY OF ATLANTIC CITY; THE CITY OF NEW YORK; JOHN
DOES 1 through 5, as Security Officers, Caesars Entertainment
Corporation; JOHN DOE; as Police Officer, Police Department,
City of Atlantic City; CAMPOS, as Captain, NYPD Internal Affairs
Bureau and SHEILA BROSHANAN, as Psychologist, NYPD
Psychological Services Unit, each being sued individually and in their
official capacities as employees of defendants' CAESARS
ENTERTAINMENT CORPORATION; CAESARS LICENSE CO.,
LLC; CAESARS OPERATING CO., LLC; THE CITY OF
ATLANTIC CITY and THE CITY OF NEW YORK

                                       Defendants'
-------------------------------------------------------------------------------X

       The plaintiff JOSE R. ALMONTE by his attorneys THE SANDERS FIRM P.C., as and for

his federal complaint against defendants' CAESARS ENTERTAINMENT CORPORATION;

CAESARS LICENSE CO., LLC; CAESARS OPERATING CO., LLC; THE CITY OF

ATLANTIC CITY; THE CITY OF NEW YORK; JOHN DOES 1 through 5; JOHN DOE;

CAMPOS and SHEILA BROSHANAN, respectfully set forth and allege that:

## **INTRODUCTION**

     1.    This is an action for equitable relief and money damages on behalf of the plaintiff

JOSE R. ALMONTE, (hereinafter referred to as "plaintiff") who was, and who is prospectively

being deprived of his civil, constitutional and employment rights as a result of defendants'

CAESARS ENTERTAINMENT CORPORATION; CAESARS LICENSE CO., LLC;

CAESARS OPERATING CO., LLC; THE CITY OF ATLANTIC CITY; THE CITY OF NEW YORK; JOHN DOES 1 through 5; CAESARS ENTERTAINMENT CORPORATION; JOHN DOE; CAMPOS and SHEILA BROSHANAN'S discriminatory conduct.

## JURISDICTION AND VENUE

2.      The jurisdiction of this Court is invoked to redress deprivation of plaintiff's civil, constitutional and employment rights secured pursuant to the Civil Rights Act of 1866, 42 U.S.C. § 1981; the Civil Rights Act of 1871, 42 U.S.C. § 1983 and 1985.

3.      The unlawful practices, violations of Plaintiff's civil, constitutional and employment rights complained of herein were committed within the Camden, N.J. District, as well as the Eastern and Southern Districts of New York.

4.      The pendent jurisdiction of the federal district court is invoked with respect to the plaintiff's claims under New York State Executive Law § 296, New York City Administrative Code § 8-107, Negligent Hiring, Negligent Supervision, Negligent Retention, Assault; Battery; False Arrest; and the Intentional Infliction of Emotional Distress,  pursuant to 28 U.S.C. 1367, because the entire action before the court comprises one civil, constitutional and employment rights case and the claims arise out of the same common nucleus of facts and are such that the plaintiff would ordinarily be expected to try them in one judicial proceeding.

## PLAINTIFF

5.      Plaintiff is a male citizen of the United States of America, over twenty-one (21) years of age and a former employee of THE CITY OF NEW YORK.

## DEFENDANTS'

6.      Defendant CAESARS ENTERTAINMENT CORPORATION, a Delaware Corporation, is the fourth largest gaming company in the world with its corporate offices located at

One Caesars Palace Drive Paradise, Las Vegas, NV 89109, and at all relevant times owned and operated defendants' CAESARS LICENSE CO., LLC and CAESARS OPERATING CO., LLC, as well as Harrah's Resort Atlantic City and diverse other properties throughout North America.

7.      Defendants' THE CITY OF ATLANTIC CITY is a municipal corporation organized under the laws of the State of New Jersey.

8.      Defendant THE CITY OF NEW YORK is a municipal corporation organized under the laws of the State of New York.

9.      Defendants' JOHN DOES 1 through 5, as Security Officers, CAESARS ENTERTAINMENT CORPORATION; JOHN DOE; as Police Officer, Police Department, City of Atlantic City; CAMPOS, as Captain, NYPD Internal Affairs Bureau and SHEILA BROSHANAN, as Psychologist, NYPD Psychological Services.

## PROCEDURAL REQUIREMENTS

10.     Plaintiff has filed suit with this Court within the applicable statute of limitations period.

11.     Plaintiff is not required to exhaust any administrative procedures prior to suit under the Civil Rights Act of 1866 or 1871.

## BACKGROUND

10.     Plaintiff self identifies as a Dominican Male.

11.     Plaintiff alleges that upon information and belief security officers employed by defendants' CAESARS ENTERTAINMENT CORPORATION; CAESARS LICENSE CO., LLC; CAESARS OPERATING CO., LLC, assigned to Harrah's Resort Atlantic City has engaged in a pattern and practice of brutally assaulting patrons particularly persons of color inside, at or near The Pool After Dark, a nightclub located within the resort.

12.     Plaintiff alleges that upon information and belief the management of defendants' CAESARS ENTERTAINMENT CORPORATION; CAESARS LICENSE CO., LLC; CAESARS OPERATING CO., LLC, and Harrah's Resort Atlantic City was aware of this practice but, did nothing to stop it.

13.     Plaintiff alleges that upon information and belief defendants' CAESARS ENTERTAINMENT CORPORATION; CAESARS LICENSE CO., LLC; CAESARS OPERATING CO., LLC, and the management of Harrah's Resort Atlantic City knowingly hire abusive security officers with checkered employment histories needlessly exposing patrons particularly persons of color to discrimination inside, at or near The Pool After Dark, a nightclub located within the resort.

14.     Plaintiff alleges that upon information and belief defendants' CAESARS ENTERTAINMENT CORPORATION; CAESARS LICENSE CO., LLC; CAESARS OPERATING CO., LLC, and the management of Harrah's Resort Atlantic City knowingly fail to supervise abusive security officers with checkered employment histories needlessly exposing patrons particularly persons of color to discrimination inside, at or near The Pool After Dark, a nightclub located within the resort.

15.     Plaintiff alleges that upon information and belief defendants' CAESARS ENTERTAINMENT CORPORATION; CAESARS LICENSE CO., LLC; CAESARS OPERATING CO., LLC, and the management of Harrah's Resort Atlantic City knowingly retain abusive security officers with checkered employment histories needlessly exposing patrons particularly persons of color to discrimination inside, at or near The Pool After Dark, a nightclub located within the resort.

16.     Plaintiff alleges that upon information and belief defendants' CAESARS

ENTERTAINMENT CORPORATION; CAESARS LICENSE CO., LLC; CAESARS OPERATING CO., LLC, and the management of Harrah's Resort Atlantic City was aware of their inadequate hiring, supervision and retention practices with respect to its security officers but, did nothing to stop it.

17.     Plaintiff alleges the Harrah's Resort Atlantic City Security Team has a long history of abusing patrons particularly persons of color while defendant THE CITY OF ATLANTIC CITY police officers stand idly by due to an inherent financial conflict, working off-duty for defendants' CAESARS ENTERTAINMENT CORPORATION; CAESARS LICENSE CO., LLC; CAESARS OPERATING CO., LLC, and others like it, when they are charged with ensuring the casino industry complies with the NJ Casino Act.

18.     Plaintiff, a former NYPD Police Officer, alleges on or about June 20, 2013 while off-duty patronizing Harrah's Resort Atlantic City, a property owned and operated by defendants' CAESARS ENTERTAINMENT CORPORATION; CAESARS LICENSE CO., LLC; CAESARS OPERATING CO., LLC, he was brutally beaten by members of the Security Team assigned to The Pool After Dark, a nightclub located within the resort.

19.     Plaintiff alleges he intervened after observing defendants' JOHN DOES 1 through 5, of the Security Team beating his friend Michael Woloski (Caucasian Male), another NYPD Police Officer with a metal barrier.

20.     Plaintiff alleges fearing for his safety, he tried to break free from defendants' JOHN DOES 1 through 5.

21.     Plaintiff alleges defendants' JOHN DOES 1 through 5, began beating him after he fell on to the floor, where he identified himself as an off-duty NYPD Police Officer.

22.     Plaintiff alleges defendants' JOHN DOES 1 through 5, continued beating him

causing him to sustain numerous injuries about his head and body.

23.     Plaintiff alleges defendants' JOHN DOES 1 through 5, forcibly placed handcuffs on him without legal basis.

24.     Plaintiff alleges an unidentified Atlantic City Police Officer defendant JOHN DOE stood idly, eventually assisting defendants' JOHN DOES 1 through 5, placing handcuffs on him without legal basis.

25.     Plaintiff alleges as viewed on the CCTV Video, he was escorted handcuffed to a holding area near the Security Office where his head was slammed into the wall by an unidentified security officer.

26.     Plaintiff alleges an unidentified Atlantic City Police Officer defendant JOHN DOE stood idly.

27.     Plaintiff alleges he was eventually transported handcuffed to the Atlantic City Police Headquarters by an unidentified Atlantic City Police Officer defendant JOHN DOE where he was issued two (2) summonses for simple assault without legal basis.

28.     Plaintiff alleges the same Atlantic City Police Officer defendant JOHN DOE refused to accept a report from him about being brutally beaten by the Harrah's Resort Atlantic City Security Team.

29.     Plaintiff alleges an unidentified member of the Atlantic City Police Department defendant JOHN DOE in collusion with the Harrah's Resort Atlantic City Security Team with further intent to violate his civil, constitutional and employment rights notified defendant THE CITY OF NEW YORK NYPD Internal Affairs Bureau.

30.     Plaintiff alleges he was eventually released and ordered to report directly to Staten Island Internal Affairs to meet with defendant CAMPOS, where he was suspended for thirty (30)

days.

31.     Plaintiff alleges NYPD Police Officers Woloski and Angel Ogando (Dominican Male) weren't suspended.

32.     Plaintiff alleges he was forced to meet with defendant SHEILA BROSHANAN over several months, where she falsely accused him of being an alcoholic, even trying to allege he was arrested as a juvenile for alcohol related offenses, which turned out to be false as well.

33.     Plaintiff alleges he was forced to defend himself in the Atlantic City Municipal Court where all charges were eventually dismissed on November 25, 2013.

34.     Plaintiff alleges in or around February 2014, he was ordered to give a statement during a Department interview with the Internal Affairs Bureau or Bronx Investigations Unit, where he told the investigators he was assaulted by the Harrah's Resort Atlantic City Security Team and falsely arrested.

35.     Plaintiff alleges on August 12, 2014 he was terminated as a result of the incident with Harrah's Resort Atlantic City Security Team.

## VIOLATIONS AND CLAIMS ALLEGED

### COUNT I
### RACE DISCRIMINATION
### IN VIOLATION OF
### THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981

36.     Plaintiff re-alleges Paragraphs 1 through 35 and incorporates them by reference as Paragraphs 1 through 35 of Count I of this Complaint.

37.     Plaintiff alleges defendants' CAESARS ENTERTAINMENT CORPORATION; CAESARS LICENSE CO., LLC; CAESARS OPERATING CO., LLC; THE CITY OF ATLANTIC CITY; THE CITY OF NEW YORK; JOHN DOES 1 through 5; JOHN DOE; CAMPOS and SHEILA BROSHANAN interfered with his rights to enforce contracts under the

color of state law because of his race.

38.     Plaintiff alleges defendants' CAESARS ENTERTAINMENT CORPORATION; CAESARS LICENSE CO., LLC; CAESARS OPERATING CO., LLC; THE CITY OF ATLANTIC CITY; THE CITY OF NEW YORK; JOHN DOES 1 through 5; JOHN DOE; CAMPOS and SHEILA BROSHANAN acted in collusion with one another perpetuating a fraud upon the criminal justice system causing him to be falsely arrested, selectively and maliciously prosecuted for Assault for their pecuniary gain.

39.     Plaintiff alleges defendants' CAESARS ENTERTAINMENT CORPORATION; CAESARS LICENSE CO., LLC; CAESARS OPERATING CO., LLC; THE CITY OF ATLANTIC CITY; THE CITY OF NEW YORK; JOHN DOES 1 through 5; JOHN DOE; CAMPOS and SHEILA BROSHANAN acted in collusion with one another causing him to be selectively and maliciously prosecuted although all charges were eventually dismissed.

40.     Plaintiff alleges defendants' CAESARS ENTERTAINMENT CORPORATION; CAESARS LICENSE CO., LLC; CAESARS OPERATING CO., LLC; THE CITY OF ATLANTIC CITY; THE CITY OF NEW YORK; JOHN DOES 1 through 5; JOHN DOE; CAMPOS and SHEILA BROSHANAN acting in collusion with one with one another as indicated above, causing his employment with defendant THE CITY OF NEW YORK to be terminated.

41.     Plaintiff alleges defendants' CAESARS ENTERTAINMENT CORPORATION; CAESARS LICENSE CO., LLC; CAESARS OPERATING CO., LLC; THE CITY OF ATLANTIC CITY; THE CITY OF NEW YORK; JOHN DOES 1 through 5; JOHN DOE; CAMPOS and SHEILA BROSHANAN caused him to sustain damages to his reputation, financial interests, mental anguish and to incur significant legal expenses.

## COUNT II
## ABUSE OF AUTHORITY
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

42.    Plaintiff re-alleges Paragraphs 1 through 41 and incorporates them by reference as Paragraphs 1 through 41 of Count II of this Complaint.

43.    Plaintiff alleges defendants' CAESARS ENTERTAINMENT CORPORATION; CAESARS LICENSE CO., LLC; CAESARS OPERATING CO., LLC; THE CITY OF ATLANTIC CITY; THE CITY OF NEW YORK; JOHN DOES 1 through 5; JOHN DOE; CAMPOS and SHEILA BROSHANAN under color of law, personally interfered with and deprived him of his civil, constitutional and employment rights due to his race.

44.    Plaintiff alleges defendants' CAESARS ENTERTAINMENT CORPORATION; CAESARS LICENSE CO., LLC; CAESARS OPERATING CO., LLC; THE CITY OF ATLANTIC CITY; THE CITY OF NEW YORK; JOHN DOES 1 through 5; JOHN DOE; CAMPOS and SHEILA BROSHANAN under color of law, as employees and/or agents of defendants' THE CITY OF ATLANTIC CITY and/or THE CITY OF NEW YORK either acted in a concerted, malicious intentional pattern to deprive him of his civil, constitutional and employment rights or knowing such civil, constitutional and employment rights violations was taking place, knowingly omitted to protect him.

45.    Plaintiff alleges defendants' CAESARS ENTERTAINMENT CORPORATION; CAESARS LICENSE CO., LLC; CAESARS OPERATING CO., LLC; THE CITY OF ATLANTIC CITY; THE CITY OF NEW YORK; JOHN DOES 1 through 5; JOHN DOE; CAMPOS and SHEILA BROSHANAN acted in collusion with one another perpetuating a fraud upon the criminal justice system causing him to be falsely arrested, selectively and maliciously prosecuted for Assault for their pecuniary gain.

46.     Plaintiff alleges defendants' CAESARS ENTERTAINMENT CORPORATION; CAESARS LICENSE CO., LLC; CAESARS OPERATING CO., LLC; THE CITY OF ATLANTIC CITY; THE CITY OF NEW YORK; JOHN DOES 1 through 5; JOHN DOE; CAMPOS and SHEILA BROSHANAN acted in collusion with one another perpetuating a fraud upon the criminal justice system causing him to be prosecuted, selectively and maliciously prosecuted although all charges were eventually dismissed.

47.     Plaintiff alleges defendants' CAESARS ENTERTAINMENT CORPORATION; CAESARS LICENSE CO., LLC; CAESARS OPERATING CO., LLC; THE CITY OF ATLANTIC CITY; THE CITY OF NEW YORK; JOHN DOES 1 through 5; JOHN DOE; CAMPOS and SHEILA BROSHANAN acting in collusion with one with one another as indicated above, causing his employment with defendant THE CITY OF NEW YORK to be terminated.

48.     Plaintiff alleges defendants' CAESARS ENTERTAINMENT CORPORATION; CAESARS LICENSE CO., LLC; CAESARS OPERATING CO., LLC; THE CITY OF ATLANTIC CITY; THE CITY OF NEW YORK; JOHN DOES 1 through 5; JOHN DOE; CAMPOS and SHEILA BROSHANAN caused him to sustain damages to his reputation, financial interests, mental anguish and to incur significant legal expenses.

**COUNT III**
**VIOLATION OF THE FOURTH AMENDMENT**
**FALSE ARREST**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983**

49.     Plaintiff re-alleges Paragraphs 1 through 48 and incorporates them by reference as Paragraphs 1 through 48 of Count III of this Complaint.

50.     Plaintiff alleges defendants' CAESARS ENTERTAINMENT CORPORATION;

CAESARS LICENSE CO., LLC; CAESARS OPERATING CO., LLC; THE CITY OF

ATLANTIC CITY; JOHN DOES 1 through 5 and JOHN DOE intended to confine him.

51.    Plaintiff alleges he was conscious of the confinement.

52.    Plaintiff alleges he did not contest the confinement.

53.    Plaintiff alleges the confinement was not otherwise privileged.

54.    Plaintiff alleges defendants' CAESARS ENTERTAINMENT CORPORATION;

CAESARS LICENSE CO., LLC; CAESARS OPERATING CO., LLC; THE CITY OF

ATLANTIC CITY; JOHN DOES 1 through 5 and JOHN DOE did not have probable cause to

arrest him.

**COUNT IV**
**VIOLATION OF THE FOURTH AMENDMENT**
**MALICIOUS PROSECUTION**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983**

55.    Plaintiff re-alleges Paragraphs 1 through 54 and incorporates them by reference as

Paragraphs 1 through 54 of Count IV of this Complaint.

56.    Plaintiff alleges defendants' CAESARS ENTERTAINMENT CORPORATION;

CAESARS LICENSE CO., LLC; CAESARS OPERATING CO., LLC; THE CITY OF

ATLANTIC CITY; JOHN DOES 1 through 5 and JOHN DOE under color of law, personally

interfered with and deprived him of his civil, constitutional and employment rights.

57.    Plaintiff alleges defendants' CAESARS ENTERTAINMENT CORPORATION;

CAESARS LICENSE CO., LLC; CAESARS OPERATING CO., LLC; THE CITY OF

ATLANTIC CITY; JOHN DOES 1 through 5 and JOHN DOE initiated and continued a criminal

proceeding against him.

58.    Plaintiff alleges all charges were eventually dismissed.

59.     Plaintiff alleges defendants' CAESARS ENTERTAINMENT CORPORATION; CAESARS LICENSE CO., LLC; CAESARS OPERATING CO., LLC; THE CITY OF ATLANTIC CITY; JOHN DOES 1 through 5 and JOHN DOE arrested him or caused him to be arrested, continuing with the prosecution although they had no probable cause.

60.     Plaintiff alleges defendants' CAESARS ENTERTAINMENT CORPORATION; CAESARS LICENSE CO., LLC; CAESARS OPERATING CO., LLC; THE CITY OF ATLANTIC CITY; JOHN DOES 1 through 5 and JOHN DOE continued the prosecution with malice for their own pecuniary gain.

**COUNT V**
**VIOLATION OF THE FOURTEENTH AMENDMENT**
**SELECTIVE PROSECUTION**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983**

61.     Plaintiff re-alleges Paragraphs 1 through 60 and incorporates them by reference as Paragraphs 1 through 60 of Count V of this Complaint.

62.     Plaintiff alleges defendants' CAESARS ENTERTAINMENT CORPORATION; CAESARS LICENSE CO., LLC; CAESARS OPERATING CO., LLC; THE CITY OF ATLANTIC CITY; JOHN DOES 1 through 5 and JOHN DOE under color of law, personally interfered with and deprived him of his civil, constitutional and employment rights.

63.     Plaintiff alleges defendants' CAESARS ENTERTAINMENT CORPORATION; CAESARS LICENSE CO., LLC; CAESARS OPERATING CO., LLC; THE CITY OF ATLANTIC CITY; JOHN DOES 1 through 5 and JOHN DOE initiated and continued a criminal proceeding against him due to his race, political affiliations and other improper factors designed to ensure their own pecuniary gain.

64.     Plaintiff alleges all charges were eventually dismissed.

65.     Plaintiff alleges defendants' CAESARS ENTERTAINMENT CORPORATION; CAESARS LICENSE CO., LLC; CAESARS OPERATING CO., LLC; THE CITY OF ATLANTIC CITY; JOHN DOES 1 through 5 and JOHN DOE arrested him and continued with the prosecution although they declined to prosecute in similar situations due to race, political affiliations and other improper factors.

66.     Plaintiff alleges defendants' CAESARS ENTERTAINMENT CORPORATION; CAESARS LICENSE CO., LLC; CAESARS OPERATING CO., LLC; THE CITY OF ATLANTIC CITY; JOHN DOES 1 through 5 and JOHN DOE continued the prosecution with malice for their own pecuniary gain.

### COUNT VI
### MONELL CLAIM
### IN VIOLATION OF
### THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

67.     Plaintiff re-alleges Paragraphs 1 through 66 and incorporates them by reference as Paragraphs 1 through 66 of Count VI of this Complaint.

68.     Plaintiff alleges defendants' THE CITY OF ATLANTIC CITY and THE CITY OF NEW YORK'S actions were under color of law.

69.     Plaintiff alleges he sustained civil, constitutional and employment injuries because of defendants' THE CITY OF ATLANTIC CITY and THE CITY OF NEW YORK'S "official policies" of selectively and maliciously prosecuting cases and unfairly disciplining employees based upon race, political affiliations and other improper factors.

### COUNT VII
### IMPROPER HIRING
### IN VIOLATION OF
### THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

70.     Plaintiff re-alleges Paragraphs 1 through 69 and incorporates them by reference as

Paragraphs 1 through 69 of Count VII of this federal complaint.

71.    Plaintiff alleges defendants' THE CITY OF ATLANTIC CITY and THE CITY OF NEW YORK deprived him of his civil, constitutional and employment rights by hiring defendants' JOHN DOE; CAMPOS and SHEILA BROSHANAN.

72.    Plaintiff alleges defendants' THE CITY OF ATLANTIC CITY and THECITY OF NEW YORK'S decision to hire defendants' JOHN DOE; CAMPOS and SHEILA BROSHANAN reflects a deliberate indifference to the risk that a violation of a civil, constitutional or employment right would follow.

73.    Plaintiff alleges because of defendants' THE CITY OF ATLANTIC CITY and THE CITY OF NEW YORK'S actions he sustained civil, constitutional and employment injuries.

## COUNT VIII
## FAILURE TO TRAIN
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

74.    Plaintiff re-alleges Paragraphs 1 through 73 and incorporates them by reference as Paragraphs 1 through 73 of Count VIII of this Complaint.

75.    Plaintiff alleges defendants' THE CITY OF ATLANTIC CITY and THE CITY OF NEW YORK know to a moral certainty that its employees will confront situations involving arrests, prosecutions and disciplinary actions.

76.    Plaintiff alleges arrests, prosecutions and disciplinary actions presents the employee with a difficult choice of the sort either that training will make handling such matters objectively and less difficult or that there is a history of employees mishandling arrests, prosecutions and disciplinary actions.

77.    Plaintiff alleges mishandling arrests, prosecutions and disciplinary actions will

frequently cause the deprivation of a citizen's civil, constitutional and employment rights.

78.    Plaintiff alleges because defendants' THE CITY OF ATLANTIC CITY and THE CITY OF NEW YORK'S failure to train its employees involving objectively handling arrests, prosecutions and disciplinary actions he sustained civil, constitutional and employment injuries.

**COUNT IX**
**FAILURE TO SUPERVISE**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983**

79.    Plaintiff re-alleges Paragraphs 1 through 78 and incorporates them by reference as Paragraphs 1 through 78 of Count IX of this Complaint.

80.    Plaintiff alleges defendants' THE CITY OF ATLANTIC CITY and THE CITY OF NEW YORK know to a moral certainty that its employees will confront situations involving arrests, prosecutions and disciplinary actions.

81.    Plaintiff alleges arrests, prosecutions and disciplinary actions presents the employee with a difficult choice of the sort either that training will make handling such matters objectively and less difficult or that there is a history of employees mishandling arrests, prosecutions and disciplinary actions.

82.    Plaintiff alleges mishandling arrests, prosecutions and disciplinary actions will frequently cause the deprivation of a citizen's civil, constitutional and employment rights.

83.    Plaintiff alleges because defendants' THE CITY OF ATLANTIC CITY and THE CITY OF NEW YORK'S failure to supervise its employees involving objectively handling arrests, prosecutions and disciplinary actions he sustained civil, constitutional and employment injuries.

**COUNT X**
**IMPROPER DISCIPLINE**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983**

84.     Plaintiff re-alleges Paragraphs 1 through 83 and incorporates them by reference as Paragraphs 1 through 83 of Count X of this federal complaint.

85.     Plaintiff alleges defendants' THE CITY OF ATLANTIC CITY and THE CITY OF NEW YORK deprived him of his statutory rights by failing to discipline defendants' JOHN DOE; CAMPOS and SHEILA BROSHANAN.

86.     Plaintiff alleges defendants' THE CITY OF ATLANTIC CITY and THE CITY OF NEW YORK'S failure to discipline defendants' JOHN DOE; CAMPOS and SHEILA BROSHANAN reflects a deliberate indifference to the risk that a violation of a civil, constitutional or employment right would follow.

87.     Plaintiff alleges because defendants' THE CITY OF ATLANTIC CITY and THE CITY OF NEW YORK'S failure to discipline defendants' JOHN DOE; CAMPOS and SHEILA BROSHANAN he sustained civil, constitutional and employment injuries.

**COUNT XI**
**CONSPIRACY**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1985**

88.     Plaintiff re-alleges Paragraphs 1 through 87 and incorporates them by reference as Paragraphs 1 through 87 of Count XI of this Complaint.

89.     Plaintiff alleges defendants' CAESARS ENTERTAINMENT CORPORATION; CAESARS LICENSE CO., LLC; CAESARS OPERATING CO., LLC; THE CITY OF ATLANTIC CITY; THE CITY OF NEW YORK; JOHN DOES 1 through 5; JOHN DOE; CAMPOS and SHEILA BROSHANAN under color of law, personally interfered with and

deprived him of his constitutional rights due to his race.

90.    Plaintiff alleges defendants' CAESARS ENTERTAINMENT CORPORATION; CAESARS LICENSE CO., LLC; CAESARS OPERATING CO., LLC; THE CITY OF ATLANTIC CITY; THE CITY OF NEW YORK; JOHN DOES 1 through 5; JOHN DOE; CAMPOS and SHEILA BROSHANAN under color of law either acted in a concerted, malicious intentional pattern to further violate his constitutional rights or knowing such constitutional violations was taking place, knowingly omitted to protect him.

91.    Plaintiff alleges defendants' CAESARS ENTERTAINMENT CORPORATION; CAESARS LICENSE CO., LLC; CAESARS OPERATING CO., LLC; THE CITY OF ATLANTIC CITY; THE CITY OF NEW YORK; JOHN DOES 1 through 5; JOHN DOE; CAMPOS and SHEILA BROSHANAN acted in collusion with one another perpetuating a fraud upon the criminal justice system causing him to be arrested for Assault for their pecuniary gain.

92.    Plaintiff alleges defendants' CAESARS ENTERTAINMENT CORPORATION; CAESARS LICENSE CO., LLC; CAESARS OPERATING CO., LLC; THE CITY OF ATLANTIC CITY; THE CITY OF NEW YORK; JOHN DOES 1 through 5; JOHN DOE; CAMPOS and SHEILA BROSHANAN acted in collusion with one another perpetuating a fraud upon the criminal justice system causing him to be selectively and maliciously prosecuted although all charges were eventually dismissed.

93.    Plaintiff alleges defendants' CAESARS ENTERTAINMENT CORPORATION; CAESARS LICENSE CO., LLC; CAESARS OPERATING CO., LLC; THE CITY OF ATLANTIC CITY; THE CITY OF NEW YORK; JOHN DOES 1 through 5; JOHN DOE; CAMPOS and SHEILA BROSHANAN acting in collusion with one with one another as

indicated above, causing his employment with defendant THE CITY OF NEW YORK to be terminated.

94.    Plaintiff alleges defendants' CAESARS ENTERTAINMENT CORPORATION; CAESARS LICENSE CO., LLC; CAESARS OPERATING CO., LLC; THE CITY OF ATLANTIC CITY; THE CITY OF NEW YORK; JOHN DOES 1 through 5; JOHN DOE; CAMPOS and SHEILA BROSHANAN caused him to sustain damages to his reputation, financial interests, mental anguish and to incur significant legal expenses.

**COUNT XII**
**RACE DISCRIMINATION**
**IN VIOLATION OF**
**NEW YORK STATE EXECUTIVE LAW § 296**

95.    Plaintiff re-alleges Paragraphs 1 through 94 and incorporates them by reference as Paragraphs 1 through 94 of Count XII of this Complaint.

96.    Plaintiff alleges defendants' CAESARS ENTERTAINMENT CORPORATION; CAESARS LICENSE CO., LLC; CAESARS OPERATING CO., LLC; THE CITY OF ATLANTIC CITY; THE CITY OF NEW YORK; JOHN DOES 1 through 5; JOHN DOE; CAMPOS and SHEILA BROSHANAN discriminated against him based upon his race.

97.    Plaintiff alleges as a direct and proximate result of the unlawful practices of defendants' CAESARS ENTERTAINMENT CORPORATION; CAESARS LICENSE CO., LLC; CAESARS OPERATING CO., LLC; THE CITY OF ATLANTIC CITY; THE CITY OF NEW YORK; JOHN DOES 1 through 5; JOHN DOE; CAMPOS and SHEILA BROSHANAN he has suffered the indignity of race discrimination and great humiliation.

98.    Plaintiff alleges as a result of defendants' CAESARS ENTERTAINMENT CORPORATION; CAESARS LICENSE CO., LLC; CAESARS OPERATING CO., LLC; THE CITY OF ATLANTIC CITY; THE CITY OF NEW YORK; JOHN DOES 1 through 5; JOHN

DOE; CAMPOS and SHEILA BROSHANAN'S violations, he has suffered mental anguish.

## COUNT XIII
## RACE DISCRIMINATION
## IN VIOLATION OF
## NEW YORK CITY ADMINISTRATIVE CODE § 8-107

99.     Plaintiff re-alleges Paragraph 1 through 98 and incorporates them by reference as Paragraph 1 through 98 of Count XIII of this Complaint.

100.     Plaintiff alleges New York City Administrative Code § 8-107 makes it unlawful to discriminate against any individual in terms, conditions, or privilege of employment because of their race.

101.     Plaintiff alleges defendants' CAESARS ENTERTAINMENT CORPORATION; CAESARS LICENSE CO., LLC; CAESARS OPERATING CO., LLC; THE CITY OF ATLANTIC CITY; THE CITY OF NEW YORK; JOHN DOES 1 through 5; JOHN DOE; CAMPOS and SHEILA BROSHANAN discriminated against him because of his race.

102.     Plaintiff alleges that as a direct and proximate result of the unlawful employment practices of defendants' CAESARS ENTERTAINMENT CORPORATION; CAESARS LICENSE CO., LLC; CAESARS OPERATING CO., LLC; THE CITY OF ATLANTIC CITY; THE CITY OF NEW YORK; JOHN DOES 1 through 5; JOHN DOE; CAMPOS and SHEILA BROSHANAN, he suffered the indignity of race discrimination and great humiliation.

103.     Plaintiff alleges defendants' CAESARS ENTERTAINMENT CORPORATION; CAESARS LICENSE CO., LLC; CAESARS OPERATING CO., LLC; THE CITY OF ATLANTIC CITY; THE CITY OF NEW YORK; JOHN DOES 1 through 5; JOHN DOE; CAMPOS and SHEILA BROSHANAN'S violations caused him mental anguish.

## COUNT XIV
## NEGLIGENCE HIRING

104.    Plaintiff re-alleges Paragraphs 1 through 103 and incorporates them by reference as Paragraphs 1 through 103 of Count XIV of this Complaint.

105.    Plaintiff alleges that defendants' JOHN DOES 1 through 5; JOHN DOE; CAMPOS and SHEILA BROSHANAN were incompetent, of vicious propensities and/or bad disposition.

106.    Plaintiff alleges that defendants' CAESARS ENTERTAINMENT CORPORATION; CAESARS LICENSE CO., LLC; CAESARS OPERATING CO., LLC; THE CITY OF ATLANTIC CITY and THE CITY OF NEW YORK had knowledge of these facts which would have caused a reasonably prudent person to investigate defendants' JOHN DOES 1 through 5; JOHN DOE; CAMPOS and SHEILA BROSHANAN'S disposition.

107.    Plaintiff alleges that defendants' CAESARS ENTERTAINMENT CORPORATION; CAESARS LICENSE CO., LLC; CAESARS OPERATING CO., LLC; THE CITY OF ATLANTIC CITY and THE CITY OF NEW YORK could reasonably have anticipated that defendants' JOHN DOES 1 through 5; JOHN DOE; CAMPOS and SHEILA BROSHANAN'S disposition would be likely to result in injury to others.

108.    Plaintiff alleges that defendants' CAESARS ENTERTAINMENT CORPORATION; CAESARS LICENSE CO., LLC; CAESARS OPERATING CO., LLC; THE CITY OF ATLANTIC CITY and THE CITY OF NEW YORK failed to use reasonable care to correct or remove defendants' JOHN DOES 1 through 5; JOHN DOE; CAMPOS and SHEILA BROSHANAN.

109.    As a result of defendants' CAESARS ENTERTAINMENT CORPORATION; CAESARS LICENSE CO., LLC; CAESARS OPERATING CO., LLC; THE CITY OF ATLANTIC CITY and THE CITY OF NEW YORK'S conduct, plaintiff suffered mental

anguish, emotional distress, loss of employment opportunities, and other monetary damages.

## COUNT XV
## NEGLIGENT SUPERVISION

110.     Plaintiff re-alleges Paragraphs 1 through 109 and incorporates them by reference as Paragraphs 1 through 109 of Count XV of this Complaint.

111.     Plaintiff alleges that defendants' JOHN DOES 1 through 5; JOHN DOE; CAMPOS and SHEILA BROSHANAN were incompetent, of vicious propensities and/or bad disposition.

112.     Plaintiff alleges that defendants' CAESARS ENTERTAINMENT CORPORATION; CAESARS LICENSE CO., LLC; CAESARS OPERATING CO., LLC; THE CITY OF ATLANTIC CITY and THE CITY OF NEW YORK had knowledge of these facts which would have caused a reasonably prudent person to closely supervise defendants' JOHN DOES 1 through 5; JOHN DOE; CAMPOS and SHEILA BROSHANAN.

113.     Plaintiff alleges that defendants' CAESARS ENTERTAINMENT CORPORATION; CAESARS LICENSE CO., LLC; CAESARS OPERATING CO., LLC; THE CITY OF ATLANTIC CITY and THE CITY OF NEW YORK could reasonably have anticipated that defendants' JOHN DOES 1 through 5; JOHN DOE; CAMPOS and SHEILA BROSHANAN'S disposition would be likely to result in injury to others.

114.     Plaintiff alleges that defendants' CAESARS ENTERTAINMENT CORPORATION; CAESARS LICENSE CO., LLC; CAESARS OPERATING CO., LLC; THE CITY OF ATLANTIC CITY and THE CITY OF NEW YORK failed to use reasonable care to correct or remove defendants' JOHN DOES 1 through 5; JOHN DOE; CAMPOS and SHEILA BROSHANAN.

115.     As a result of defendants' CAESARS ENTERTAINMENT CORPORATION;

CAESARS LICENSE CO., LLC; CAESARS OPERATING CO., LLC; THE CITY OF ATLANTIC CITY and THE CITY OF NEW YORK'S conduct, plaintiff suffered mental anguish, emotional distress, loss of employment opportunities, and other monetary damages.

**COUNT XVI**
**NEGLIGENT RETENTION**

116.    Plaintiff re-alleges Paragraphs 1 through 115 and incorporates them by reference as Paragraphs 1 through 115 of Count XVI of this Complaint.

117.    Plaintiff alleges that defendants' JOHN DOES 1 through 5; JOHN DOE; CAMPOS and SHEILA BROSHANAN were incompetent, of vicious propensities and/or bad disposition.

118.    Plaintiff alleges that defendants' CAESARS ENTERTAINMENT CORPORATION; CAESARS LICENSE CO., LLC; CAESARS OPERATING CO., LLC; THE CITY OF ATLANTIC CITY and THE CITY OF NEW YORK had knowledge of these facts which would have caused a reasonably prudent person to closely supervise defendants' JOHN DOES 1 through 5; JOHN DOE; CAMPOS and SHEILA BROSHANAN.

119.    Plaintiff alleges that defendants' CAESARS ENTERTAINMENT CORPORATION; CAESARS LICENSE CO., LLC; CAESARS OPERATING CO., LLC; THE CITY OF ATLANTIC CITY and THE CITY OF NEW YORK could reasonably have anticipated that defendants' JOHN DOES 1 through 5; JOHN DOE; CAMPOS and SHEILA BROSHANAN'S disposition would be likely to result in injury to others.

120.    Plaintiff alleges that defendants' CAESARS ENTERTAINMENT CORPORATION; CAESARS LICENSE CO., LLC; CAESARS OPERATING CO., LLC; THE CITY OF ATLANTIC CITY and THE CITY OF NEW YORK failed to use reasonable care to correct or remove defendants' JOHN DOES 1 through 5; JOHN DOE; CAMPOS and SHEILA BROSHANAN.

121.    As a result of defendants' CAESARS ENTERTAINMENT CORPORATION; CAESARS LICENSE CO., LLC; CAESARS OPERATING CO., LLC; THE CITY OF ATLANTIC CITY and THE CITY OF NEW YORK'S conduct, plaintiff suffered mental anguish, emotional distress, loss of employment opportunities, and other monetary damages.

## JURY TRIAL

122.    Plaintiff demands a trial by jury of all issues in this action that are so triable.

## PRAYER FOR RELIEF

Wherefore, plaintiff demands compensatory and punitive damages from defendants' CAESARS ENTERTAINMENT CORPORATION; CAESARS LICENSE CO., LLC; CAESARS OPERATING CO., LLC; THE CITY OF ATLANTIC CITY; THE CITY OF NEW YORK; JOHN DOES 1 through 5; JOHN DOE; CAMPOS and SHEILA BROSHANAN jointly and severally, plus any and all available statutory remedies, both legal and equitable, interests and costs.

Dated:  September 11, 2015
        New York, NY

                                        Respectfully submitted,


                                        By:    _____s_____
                                               Eric Sanders

                                        Eric Sanders, Esq.
                                        **THE SANDERS FIRM, P.C.**
                                        230 Park Avenue, Suite 1000
                                        New York, NY 10169
                                        (212) 808-6515 (Business Telephone)
                                        (212) 729-3062 (Facsimile)

                                        Website: http://www.thesandersfirmpc.com